IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 08-00132-CG |
| | * | |
| ROBERT VEZENDY | * | |
| | * | |

## ORDER OF FORFEITURE

WHEREAS, in this Indictment in the above-entitled case, the United States sought

forfeiture of property and computer equipment which represented property used to or intended to

be used to commit or promote the commission of such offenses, including all visual depictions

the production of which involved minors engaged in sexually explicit conduct and any real or

personal property used or intended to be used to commit or promote the commission of the

violations set forth in Counts One through Eight of this Indictment pursuant to Title 18, United

States Code, Section 2253;

AND WHEREAS, based upon the guilty plea and plea agreement entered into between

the United States and Defendant Robert Vezendy, and for the reasons stated, it is hereby

ORDERED, ADJUDGED AND DECREED, that pursuant to Title 18, United States

Code, Section 2253, and Federal Rule of Criminal Procedure 32.2(b), the interest of Defendant

Robert Vezendy, in each of the following properties is hereby condemned and forfeited to the

United States of America for disposition according to law:

1.    All that real property situated, lying and being in the county of Mobile, State of

Alabama,  described as follows, to wit:

Lot(s) 13 Vaughans's Palisades, Unit 3, Phase 2 according to the map or plat

thereof recorded in map book 48 page 16 in the office of the judge of probate,

Mobile County, Alabama,  also known as: 5809 West Vaughn Drive West,

Satsuma, Alabama 36572; Parcel: R-02-19-06-24-2-000-002.072;

2.      Gateway tower with internal hard drive.  Serial number: 1098513519;

3.      Cool Max brand external hard drive.  Serial number: 3169018;

4.      Hewlett Packard external hard drive. Serial number: CNH6360073;

5.      Western digital hard drive.  Serial number: WMANL1513398;

6.      Toshiba Laptop Computer.  Serial number: 77255714K-9;

7.      1 computer thumb drive, 128 MB.  Serial number JDS 128-40-520-H;

8.      1 computer thumb drive 512 MB.  Serial number: Serial number CIBA;

8.      Digital Video tapes Maxwell brand media.  Serial number: N/A;

9.      Cell phone Nokia Model 6126.  Serial number. 661U-RM126;

10.  MP3 Player Creative brand Vision: M model.  Serial Number MAPF

16906390134034M.

AND WHEREAS, by virtue of said guilty plea and plea agreement, the United States is

now entitled to, and it should, pending possible appeal herein, reduce the said property to its

possession and notify any and all potential third parties who have or may have an interest in any

of the property being forfeited.

NOW THEREFORE, IT IS HEREBY **ORDERED, ADJUDGED AND DECREED:**

That based on the guilty plea and plea agreement, the right, title and interest of Defendant

Robert Vezendy in the above-named properties is hereby forfeited to and vested in the United

States of America for disposition in accordance with law

That all of the aforementioned forfeited property is to be held by United States

Immigration and Customs Enforcement in their secure custody and control.

Pursuant to 21 U.S.C. § 853(n)(1) and the Attorney General's authority to determine the manner of publication of an Order of Forfeiture in a criminal case, the United States shall publish notice of this order on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 18, United States Code, Section 2253(m), for the filing of third-party petitions.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of the Court shall forward fifteen (15) certified copies of this Order to Assistant U.S. Attorney Michael D. Anderson, U.S. Attorney's Office, Southern District of Alabama.

**DONE and ORDERED** this 29th day of October, 2008.


/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE